# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | 07 CR 43 |
| v. | ) | |
| | ) | Judge David H. Coar |
| | ) | |
| JOSEPH DONELSON | ) | |

## MOTION FOR LEAVE TO WITHDRAW AS APPOINTED COUNSEL

Matthew J. Madden of the Federal Defender Program, respectfully moves the Court for leave to withdraw as appointed counsel for defendant Joseph Donelson. In support of this motion, undersigned counsel states as follows:

1. On February 7, 2007, counsel was appointed to represent Mr. Donelson. On April 20, 2007, this Court granted the defendant's motion for a competency evaluation to be performed. The Court informed counsel at a status hearing in June that Mr. Donelson was found to be competent by the doctor who performed the evaluation and a status hearing was set for June 29.

2. On June 20, Mr. Donelson filed pro se a document entitled Notice of Acceptance Non-Negotiable. Mr. Donelson's pro se filing included a Commercial Affidavit of Truth in which he states that, "Respondents has (sic) not shown any proof that it has a claim against me and is using ATTY. MADDEN conspiring with him to not raise the above stated claims and defenses, depriving me of effective asst. of Counsel under the 6th Amend. To the U.S. Constitution." See attached Exhibit, page 2. On June 25, 2007, counsel went to the Metropolitan Correctional Center (MCC) to discuss this situation with Mr. Donelson. He reiterated his feelings made in the pro se filing that counsel was conspiring with the government against him. Because Mr.

Donelson believes that counsel betrayed and conspired against him, there has been a deterioration of communication between Mr. Donelson and counsel. At this stage, defense counsel feels that an irreconcilable conflict-of-interest exists which necessitates the instant request

WHEREFORE, for the above noted reasons, undersigned counsel respectfully requests leave to withdraw as appointed counsel for Mr. Donelson.

Dated: June 25, 2007

Respectfully submitted,

FEDERAL DEFENDER PROGRAM
Terence F. MacCarthy
Executive Director

By: _____
Matthew J. Madden

Matthew J. Madden
55 E. Monroe, Suite 2800
Chicago, IL 60603
312/621-8351 (phone)
312/621-8399 (fax)

## CERTIFICATE OF SERVICE

The undersigned, Matthew J. Madden , an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CIV.P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

MOTION FOR LEAVE TO WITHDRAW AS APPOINTED COUNSEL

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on June 25 , 2007, to counsel/parties that are non-ECF filers.

By:      s/Matthew J. Madden
         MATTHEW J. MADDEN
         FEDERAL DEFENDER PROGRAM
         55 E. Monroe St., Suite 2800
         Chicago, Illinois 60603
         (312) 621-8300

# EXHIBIT

## Joseph Donelson's Commercial Affidavit of Truth

State of Illinois     )
                      )  SS
County of Cook        )
United States of America )

## COMMERCIAL AFFIDAVIT OF

TRUTH

Affiant Joseph-Ranier, being of age and sound mind and competent
to witness, that the facts contained herein are true, correct,
complete, and not misleading to the best of declarants first hand
knowledge and belief under penalty of perjury pursuant to the LAW
Laws of the State of Illinois and the U.S. OF America.

1. That on or about May 5, 07 I mailed to the Atty. of the Corp.
   Defendant by certified mail notice of acceptance letter
   rogatory and i mailed one copy directly to the Judge and one
   copy directly to the Clerk, later discovering that the copy
   sent to the clerk and Judge was not in accord with rule 5
   consequently, a notice was sent by the clerk informing me that
   my documents will not be considered unless they were sent
   according to rules, I would like to apologize for any Commer-
   cial dishonors related to the above facts and submitts the
   attached documents, ███████.

2. That I committed no offense within the special territorial and
   Maritime jurisdiction of the U.S.

2. That the Respondents uses a nominal party who is not a real
   party in interest who does not file criminal complaints again-
   st individuals, who does not insure any bank for money taken
   in the course of a robbery, who stated that private insurance
   companys do insure crimes against banks, who further stated
   that F.D.I.C. does not normally offer testimony in crim inal
   proceedings and does not reimburse banks for losses incurred
   as a result of a robbery, theft. SEE, EX - 1,2.

3. Further, the Atty. for the DEFENDANT as stated above who is
   not me, has waived all claims and defenses for the flesh and
   blood living breathing man, and has denied me my remedys and
   walked me into a foreign jurisdiction without making a chall-
   enge or responding to the charges, answering said charges, and
   or filing a counterclaim or rule 12 defenses thereby dishonor-
   ing me putting me in default.
   That ATTY. Madden has a duty to require the respondents to com
   ply with TITLE 40 USC Sec. 255 , ART. 1, sec. 8, cl. 17 pur
   suant to adams v. U.S., 319 US 312

1

continue next
page

which requires the respondents to show ownership of property and
State cessation of jurisdiction over acquired land, ▇▇ compli-
ance with title 40 U.S.C. SEC. 255 Adams V. U.S. 319 U.S. 312

4. that the higher Court ID. and the 7th CIRCUIT mandates compl-
iance with Adams V. U.S., U.S. V. Wicks, 132 f. 3rd 387(7th CIR.)
non compliance with the above no FEDERAL, Federal jurisdiction
exists. ID. The SUPREME, Supreme Court clearly states that F.D.I.
C. is not the united states, see Omelveny and Myers V. F.D.I.C.
129 led. 2nd. 67, at 74, respondents are required to show owner-
ship of property including F.D.I.C. and acceptance of jurisdict
ion over acquired land, Adams ID.
That if the respondents cannot show onership of property and a
notice of acceptance of jur. Jurisdiction reverts to the State,
S.R.A. V. Minnesota, 327 U.S. 558.

5. That the respondents are in violation of rules 10(A) and 17
(A) and 19. for using a fictitious party who is nominal and not
a real party of interest as clearly stated by F.D.I.C. IN EXHI-
BITS 1,2. attached hereto and incorporated along with this aff-
idavit by reference, every action brought in the U.S. DIST.COURT
shall be brought in the mames of the real parties, rule 17(A),
THIS APPLIES IN CIVIL AND CRIMINAL MATTERS, SEE U.S. V. John Doe.

Jurisdiction cannot be Waived, stipulated to nor conferred on the
Court and once challenge , must be proven on the Administrative
record. That the respondents are required to establish its jur-
isdiction on record or produce the instrument that created the
legal liability. Respondents has not shown any proof that it has
a claim against and is using ATTY. MADDEN conspiring with him to
                          me
not raise the above stated claims and defenses, depriving me of
effective asst. of Counsel under the 6th Amend. to the U.S. Const
itution.
            further sayeth naught


Sign this 11th day of June, 2007

         Donelson
Joseph W. Donaldson _____          date June 11 ___ 2007
sign

         O.Keleal                     date June 11 ____2007
sign  Michael Corey Huws

_____              date June 11 ____2007
sign